885 P.2d 1165

**Patrick HALL, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 20432.

Court of Appeals of Idaho.

Dec. 7, 1994.

W. Brent Eames, Rexburg, for appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

PERRY, Judge.

In this case we are asked to decide whether the district court properly dismissed a post-conviction application alleging ineffective assistance of counsel. Patrick E. Hall was found guilty of two counts of second degree murder and one count of aggravated battery. Following an unsuccessful direct appeal, Hall filed an application for post-conviction relief alleging ineffective assistance of counsel. After a number of procedural delays, the district court eventually dismissed Hall's application without a hearing. Hall now appeals this summary dismissal. For the reasons stated below, we affirm the decision of the district court.

## FACTS AND PROCEDURE

In December 1983, Patrick E. Hall was found guilty by a jury of two counts of second degree murder and one count of aggravated battery. The convictions were affirmed on appeal by this Court in *State v. Hall*, 111 Idaho 827, 727 P.2d 1255 (Ct.App. 1986).

In January 1992, Hall, acting pro se, filed an application for post-conviction relief, primarily claiming ineffective assistance of counsel. The state did not file an answer to the application. The district court issued notice that it intended to summarily dismiss the application under I.C. § 19–4906(b). After securing counsel, Hall filed a supplemental application along with a number of supporting documents. The district court then summarily dismissed Hall's application. Following this dismissal, Hall was allowed to file additional argument and evidence in support of his application. The district court issued a second order again dismissing the application. Hall now appeals, claiming the district court erred in dismissing his application for post-conviction relief without a hearing.

## ANALYSIS

Idaho Code § 19–4906(b) provides that the district court may dismiss an application for post-conviction relief unless the application contains allegations which, if proved, would entitle the applicant to the remedy sought. *Griffith v. State*, 121 Idaho 371, 825 P.2d 94 (Ct.App.1992). Allegations in an application for post-conviction relief must be deemed to be true until those allegations are controverted by the state. *King v. State*, 114 Idaho 442, 757 P.2d 705 (Ct.App. 1988). On review of a dismissal of the post-conviction application without an evidentiary hearing, we will determine whether a genuine issue of fact exists and whether any relief is available based on the pleadings, depositions, admissions and affidavits on file. *Jones v. State*, 125 Idaho 294, 295, 870 P.2d 1, 2 (Ct.App.1994).

Preliminarily, this Court has recognized that the Uniform Post–Conviction Procedure Act, I.C. §§ 19–4901 through 19–4911, provides an appropriate mechanism for considering claims of ineffective assistance of counsel. *Nellsch v. State*, 122 Idaho 426, 835 P.2d 661 (Ct.App.1992). The Act is available "to cure fundamental errors occurring at the trial which affect either the jurisdiction of the court or the validity of the judgment ..." *Maxfield v. State*, 108 Idaho 493, 499, 700 P.2d 115, 121 (Ct.App.1985), *quoting Smith v. State*, 94 Idaho 469, 474–75, 491 P.2d 733, 738–39 (1971).

In order to prove a claim of ineffective assistance of counsel, an applicant must show that the attorney's conduct fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984); *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). In reviewing the effectiveness of an attorney's assistance, we begin with the presumption that counsel's conduct was necessary and appropriate for the circumstances of the case. It is the burden of the party claiming ineffective assistance to establish otherwise. *Id.* An applicant must not only show incompetence, but must also show that the deficient conduct so undermined the proper functioning of the adversarial process that the trial cannot be

relied upon as having produced a just result. *Ivey v. State,* 123 Idaho 77, 80, 844 P.2d 706, 709 (1992). In order for the applicant to satisfy the second prong of the *Strickland* test, he or she must establish that there is a reasonable probability that the outcome of the trial would have been different. *Aragon v. State,* 114 Idaho at 761, 760 P.2d at 1177.

On appeal, Hall argues that the district court erred in summarily dismissing his application. In support of this, he offers a litany of errors he claims occurred during the trial proceedings. It is unnecessary that we discuss each issue separately, and therefore we address them according to the reasons for their dismissal.

## A. DISQUALIFICATION OF THE DISTRICT JUDGE

■ Hall argues that his trial counsel erred by incorrectly telling him that it was impossible to have the district judge disqualified from his trial. The district court, choosing not to consider whether this was deficient conduct, found that Hall had failed to establish prejudice. We agree. Although Hall alleged that the district judge knew, and disliked, his family, Hall has failed to show how that dislike manifested itself in any action or inaction of the judge. Hall claims that the trial court's decision to allow the "dream" testimony of the surviving victim was a result of this alleged bias against Hall. In Hall's direct appeal, this testimony was held to be harmless error and therefore cannot be said to be prejudicial. *Hall,* 111 Idaho at 831–32, 727 P.2d at 1259–60. Beyond that, Hall makes no showing and points to nothing in the record which establishes any biased action by the district court. Therefore, this claim fails the second prong of the *Strickland* test, and the district court did not err in summarily dismissing it.

## B. ISSUES PREVIOUSLY DECIDED ON APPEAL

■ Hall attempts to raise a number of issues that have previously been decided in his direct appeal. An issue previously raised and considered on appeal need not be reconsidered in an application for post-conviction relief. I.C. § 19-4901(a)(4); *Paradis v.*

*State,* 110 Idaho 534, 537, 716 P.2d 1306, 1309 (1986). First, Hall asserts that trial counsel erred by failing to object to the jury panel, which he believed had become biased by local media exposure. Trial counsel did, however, move for a change of venue, based on the local media coverage. The trial court denied this motion and this Court affirmed that decision in Hall's direct appeal. *Hall,* 111 Idaho at 829, 727 P.2d at 1257. Hall provides nothing further in this proceeding to show how any individual member of the panel was biased. Therefore, we conclude that Hall has failed to establish any deficient conduct by trial counsel in this regard. Similarly, Hall's claim that counsel's advice to Hall not to discuss the case in the media constituted ineffective assistance fails for lack of a showing of either any deficiency in the advice or any prejudice.

■ Second, Hall challenges his trial counsel's failure to object to the testimony of the surviving victim who could not determine whether his recollections were fact or a dream. This issue merely attempts to recharacterize Hall's issue on direct appeal that the district court erred by allowing such testimony. In that appeal, we held that even though the district court had improperly admitted such evidence, the error was harmless. *Hall,* 111 Idaho at 832, 727 P.2d at 1260. Our previous conclusion that the error was harmless renders Hall's attempt to resurrect the issue, only now in terms of ineffective assistance, unavailing.

## C. FAILURE TO PROVIDE SUFFICIENT EVIDENCE

The majority of Hall's issues raised in his application were properly dismissed because he failed to meet his burden of proof. We first note that "the constitutional requirement for effective assistance of counsel is not the key to the prison for a defendant who can dredge up a long series of examples of how the case might have been tried better." *Ivey v. State,* 123 Idaho 77, 80, 844 P.2d 706, 709 (1992). Hall has listed a variety of errors alleging that certain witnesses should have testified and that counsel failed to rebut damaging testimony by other prosecution witnesses. As we have held in the past:

[T]o justify an evidentiary hearing in a post-conviction relief proceeding, it is incumbent upon the applicant to tender a factual showing based upon evidence that would be admissible at the hearing. [An] application must be supported by written statements from witnesses who are able to give testimony themselves as to facts within their knowledge, or must be based upon otherwise verifiable information.

*Drapeau v. State,* 103 Idaho 612, 617, 651 P.2d 546, 551 (Ct.App.1982).

█ All of Hall's claims regarding testimony that should have been explored or offered remain unsupported by affidavits of witnesses or are completely devoid of any factual specificity. It is not enough to simply allege that certain statements should have been rebutted or that an expert should have been secured without providing, through affidavits, non-hearsay evidence of the names of witnesses who should have been presented and the substance of their testimony. Hall did submit affidavits of family members, but none of them were present during the crime and their statements merely reiterate Hall's conclusions about the testimony that other witnesses could have given. This failure to provide admissible evidence in support of his claims made the dismissal of the following alleged errors appropriate: (1) failure to use witnesses who would have supported self-defense claims; (2) failure to ask for funds to secure an expert witness; (3) failure to discredit testimony of a state's witness, Dr. Overby; (4) failure to call witnesses named Smith and Angel to rebut damaging testimony; (5) failure to rebut testimony that Hall was prejudiced against those of Mexican descent; (6) failure to effectively use a Mr. Firth as a witness; and (7) failure to investigate the testimony of a police officer regarding statements attributed to Hall which Hall claims he never made.

█ Hall's assertion that trial counsel failed to present to the jury a viable self-defense claim was dismissed by the district court after it reviewed the trial transcript. The district court concluded that the issue had been properly presented. However, that transcript was not included in the record on this appeal. In the absence of a transcript of the trial with which we might evaluate Hall's claim, we must agree with the conclusions of the district court. Portions of a transcript that are missing on appeal are presumed to support the actions of the district court. *Hoffman v. State,* 125 Idaho 188, 191, 868 P.2d 516, 519 (Ct.App.1994). Thus, the application was properly dismissed on this ground.

█ Finally, Hall asserts that his trial counsel was ineffective for failing to argue to the jury that Hall could not have formed the necessary intent to commit second degree murder due to his level of intoxication at the time the crimes were committed. In this appeal, however, Hall has provided no transcript of trial counsel's arguments to the jury which we could properly review. Accordingly, we must conclude that Hall has failed to properly present evidence that trial counsel's performance was deficient.

## D. MERITLESS CLAIMS

█ We conclude that the remainder of Hall's claims are without merit. His assertions that trial counsel misrepresented points of law and made inappropriate decisions are so lacking in specificity that they could not be evaluated by the district court in any substantive fashion. They were, therefore, properly dismissed. Finally, Hall's claim that the prosecution withheld evidence was properly dismissed because Hall failed to allege what evidence was withheld and how that evidence would have changed the outcome of his trial.

## CONCLUSION

The issues raised by Hall in his application for post-conviction relief and his supplemental application, though numerous, either failed to present an issue of material fact or did not entitle Hall to any relief. We affirm the district court's summary dismissal of the application.

WALTERS, C.J., and LANSING, J., concur.