IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 38592

| FRANK GERARDO, | ) | 2012 Unpublished Opinion No. 572 |
|---|---|---|
| | ) | |
| Petitioner-Appellant, | ) | Filed: August 2, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Michael R. McLaughlin, District Judge.

Order denying petition for post-conviction relief, __affirmed__.

Stephen D. Thompson, Ketchum, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

WALTERS, Judge Pro Tem

Frank Gerardo appeals from the district court's order denying his petition for post-conviction relief.  Gerardo asserts that the district court erroneously denied his claims of ineffective assistance of trial and appellate counsel.  We affirm the order.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts from petitioner's underlying criminal case are stated in *State v. Gerardo*, 147 Idaho 22, 205 P.3d 671 (Ct. App. 2009) as:

On January 24, 2006, three masked men wearing dark clothing, one with a blue bandana, entered the Lotus Garden restaurant brandishing firearms.  They demanded money from the owner, Hong Ha, and Ha's daughter, Karen, and threatened to shoot them if they did not comply.  When the men realized that Hong's wife was on the telephone with the police in another portion of the restaurant, they fled the building, got into a white Pontiac Grand Prix, and sped away.

The police soon located the automobile, and a high-speed chase ensued during which one or more of the Pontiac's occupants shot at the pursuing officers.

The chase ended when the Pontiac's driver lost control and drove into an irrigation canal. The vehicle occupants fled on foot and avoided immediate apprehension. A short time later, however, Keith Ogburn was found lying in a field and was taken into custody. Johnny Gonzalez was arrested after he was discovered hiding in the weeds on the bank of the canal. He was sporting a blue bandana around his neck. About two and one-half hours after the search was initiated, Gerardo was seen walking down a residential street near the crash scene and was also arrested. All three of the men were wearing dark clothing and were cold, muddy and wet from the waist down.

The three men were indicted for burglary, Idaho Code section 18-1401, and attempted robbery, I.C. §§ 18-6501, -306, and the indictment sought an enhancement of their burglary sentences for use of a firearm in the course of that crime, I.C. § 19-2520. The three men were tried together and none of them testified.

. . . .

Gerardo was found to be guilty of both felonies and subject to the sentence enhancement for use of a firearm. The district court imposed a unified sentence of ten years with five years determinate for burglary, a consecutive unified sentence of fifteen years with seven and one-half years determinate for attempted robbery, and a separate, consecutive unified sentence of fifteen years with seven and one-half years determinate for the firearm enhancement. Gerardo subsequently filed a motion to vacate the firearm enhancement, contending that it was illegal because the jury was erroneously instructed regarding the enhancement. The district court denied the motion.

Gerardo appeal[ed], asserting several trial errors and error in the denial of his motion to eliminate the sentence enhancement.

*Id.* at 24, 205 P.3d at 673 (footnote omitted). This Court affirmed Gerardo's convictions, but vacated the portion of his sentence imposed as an enhancement for use of a firearm and remanded the case for entry of an amended judgment. *Id.* at 31, 205 P.3d at 680. The district court entered an amended judgment on July 8, 2009.

Gerardo then filed a timely pro se petition for post-conviction relief and, with the assistance of counsel, an amended petition raising several claims of ineffective assistance of trial and appellate counsel. After an evidentiary hearing, the district court denied Gerardo's petition, holding that Gerardo had failed to carry his burden of proof to show ineffective assistance of counsel with respect to any of his post-conviction claims. Gerardo appeals, asserting that the district court erred when it denied his petition for post-conviction relief.

2

## II.

## DISCUSSION

In Gerardo's amended petition he alleged that his trial counsel was ineffective for failing to:

> a. Request a limiting jury instruction with regards to the alleged common living address of the Petitioner and the co-defendant Johnny Gonzalez at 21st Avenue South in Nampa, Idaho, after the Court denied Petitioner's motion in limine to exclude said statements as hearsay.
> b. Fully investigate the facts of Petitioner's case by failing to interview prior to trial and call during trial, witness/es, namely Christina Delgado, who would have testified that Petitioner and co-defendant Johnny Gonzalez had separate residences and did not know each other prior to being arrested on the underlying charges when requested by Petitioner to do so.
> c. [I]ntroduce into [sic] evidence that contradicted the State of Idaho's evidence at trial that Petitioner had the same address as co-defendant Johnny Gonzalez.

Gerardo also alleged that his appellate counsel was ineffective for failing to:

> a. Raise the issue of the trial Court's denial of the Petitioner's motion to sever on appeal.
> b. Raise the issue of the trial Court' [sic] denial of the motion for mistrial.

In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 801 P.2d 1216 (1990). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Nellsch v. State*, 122 Idaho 426, 434, 835 P.2d 661, 669 (Ct. App. 1992).

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Hughes v. State*, 148 Idaho 448, 451, 224 P.3d 515, 518 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the

3

deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hughes*, 148 Idaho at 451, 224 P.3d at 518. To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Hughes*, 148 Idaho at 451, 224 P.3d at 518. To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Hughes*, 148 Idaho at 451, 224 P.3d at 518. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

## A.       Allegations Concerning Trial Counsel

Gerardo first argues that his trial counsel was ineffective for failing to request a limiting jury instruction with regard to the alleged common living address of Gerardo and the co-defendant Johnny Gonzalez in Nampa, Idaho, after the trial court denied Gerardo's motion in limine to exclude said statements as hearsay. Gerardo alleges that he specifically asked his attorney to request the limiting instruction. According to Gerardo, his guilt was only established by an association with his co-defendants and the limiting instruction would have supported his position that he was innocent and minimized the association with those co-defendants.

Although Gerardo's trial counsel did not request a limiting instruction from the trial court, the admissibility of the hearsay statement was challenged during his direct appeal. In that appeal, this Court held that admitting the evidence, without a limiting instruction, was indeed error, but that the error was harmless.[1] The conclusion of this Court in the direct appeal that the

---

[1]     This Court held:

The error in the admission against Gerardo of Gonzalez's statement of his residence address was entirely harmless for a number of reasons. First, the only probative value of this evidence of a common address was to show a link between Gonzalez and Gerardo, and it would have been admissible if properly proffered for this limited purpose. It had no prejudicial content when considered for the impermissible hearsay purpose – the truth of the address given to the booking officer. The prosecutor actually used the evidence only for the proper purpose, arguing that Gonzalez's and Gerardo's statements of a common address established that "these guys all know each other." Second, Gonzalez's

4

admission of the evidence was harmless error establishes that Gerardo was not prejudiced by trial counsel's failure to request a limiting instruction when the evidence was admitted.

Gerardo also claims that his trial counsel was ineffective for failing to fully investigate the facts of Gerardo's case by failing to interview prior to trial and call during trial, a witness, Ms. Delgado. Determining whether an attorney's pretrial preparation falls below a level of reasonable performance constitutes a question of law, but is essentially premised upon the circumstances surrounding the attorney's investigation. *Gee v. State,* 117 Idaho 107, 110, 785 P.2d 671, 674 (Ct. App. 1990). To prevail on a claim that counsel's performance was deficient in failing to interview witnesses, a defendant must establish that the inadequacies complained of would have made a difference in the outcome. *Id.* at 111, 785 P.2d at 675. It is not sufficient merely to allege that counsel may have discovered a weakness in the state's case. *Id.* We will not second-guess trial counsel in the particularities of trial preparation. *Id.*

The district court stated that, even assuming Gerardo's testimony as true, he would not be entitled to relief. The district court reiterated that:

> [It] did not hear any evidence here from Mr. Gerardo or for that matter from Christina Delgado that she would have been prepared to testify that on the night in question she was with him or that she had such intimate knowledge of him because perhaps they were constantly together for this two-week period of time, that he would not have had an opportunity to have contact with Keith Ogborn or Johnny Gonzalez. That it would have been impossible for him to have contact with him because he was constantly with her for that period of time.

Gerardo argues that Delgado would have testified that Gerardo and co-defendant Johnny Gonzalez had separate residences and did not know each other prior to being arrested on the underlying charges. Gerardo asserts he was prejudiced by his trial counsel's failure to interview Delgado because the testimony could have convinced the jury that he did not know Gonzalez and could not have committed a crime with a man he did not know. However, Delgado did not testify, nor did Gerardo provide an affidavit of her statements. It is not enough to allege that a

---

girlfriend testified that this street address was where she, Gonzalez and Gerardo all lived. Therefore, the erroneously admitted evidence was merely cumulative.

*Gerardo*, 147 Idaho at 27, 205 P.3d at 671.

witness would have testified to certain events, or would have rebutted certain statements made at trial, without providing through affidavit, nonhearsay evidence of the substance of the witness' testimony. *Hall v. State*, 126 Idaho 449, 453, 885 P.2d 1165, 1169 (Ct. App. 1994). Because Gerardo failed to provide any sworn affidavits or witness testimony at the evidentiary hearing to meet his burden of demonstrating how the outcome would have been different, we conclude that the district court was correct in denying Gerardo's claim of ineffective assistance of counsel based on his attorney's failure to interview a witness.

Lastly, Gerardo argues that his trial counsel was ineffective for failing to introduce evidence that contradicted the State's evidence at trial that Gerardo had the same address as co-defendant Johnny Gonzalez. At the evidentiary hearing, Gerardo never specified what evidence he was referring to, nor do Gerardo's briefs on appeal disclose what evidence should have been presented. The district court found that Gerardo failed to meet his evidentiary burden.

Although not addressed in Gerardo's amended petition for post-conviction relief, discussed at the evidentiary hearing or included in either of his appellate briefs, the vaguely referenced evidence may have been identified in Gerardo's initial pro se petition for post-conviction relief and his affidavit. In that pleading, Gerardo avers that his trial counsel should have introduced into evidence the "booking documents from both the Canyon County and Ada County jails" illustrating different residential addresses for Gonzalez and Gerardo. Moreover, Gerardo's affidavit states, "I requested that my trial counsel introduce documentary evidence such [sic] Exhibit "A" attached hereto and incorporated herewith that contradicted the State of Idaho's evidence that I resided as the same address as my co-defendant Johnny Gonzalez." The exhibit that Gerardo referenced in his affidavit and the booking documents listed in his initial petition for post-conviction relief are not included in the appellate record.

Gerardo has failed to include the referenced documentary evidence as exhibits on this appeal. It is the appellant's responsibility to provide an adequate record to substantiate his or her claims on appeal. *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991); *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985). We will not presume any error by the district court in the absence of an adequate record on appeal to support an appellant's claims. *Beason*, 119 Idaho at 105, 803 P.2d at 1011; *Murinko*, 108 Idaho at 873, 702 P.2d at 911. Missing portions of the record must be presumed to support the action of the district court. *State v. Mowrey*, 128 Idaho 804, 805, 919 P.2d 333, 334 (1996); *State v. Beck*, 128 Idaho

416, 422, 913 P.2d 1186, 1192 (Ct. App. 1996). Because Gerardo has failed to supply an adequate record to support his ineffective assistance of counsel claim, we are unable to determine whether counsel's failure constituted a deficiency and whether that deficiency caused Gerardo prejudice. We therefore must presume that the complete record below supported the district court's finding that Gerardo did not meet his evidentiary burden regarding this claim.

**B.      Allegations Concerning Appellate Counsel**

Gerardo also argues that he received ineffective assistance from his appellate counsel in the direct appeal from his judgments of conviction. A criminal defendant's right to effective representation by counsel extends to all critical stages of the proceedings, including on appeal. *Beasley v. State*, 126 Idaho 356, 359, 883 P.2d 714, 717 (Ct. App. 1994); *Flores v. State*, 104 Idaho 191, 194, 657 P.2d 488, 491 (Ct. App. 1983). Appellate counsel, however, is not required to raise every conceivable issue. *See Aragon*, 114 Idaho at 765, 760 P.2d at 1181. Rather, appellate counsel is required only to make a conscientious examination of the case and file a brief in support of the best arguments to be made. *LaBelle v. State*, 130 Idaho 115, 119, 937 P.2d 427, 431 (Ct. App. 1997).

Gerardo claims his appellate counsel was ineffective for failing to raise on appeal the issue of the district court's denial of his motion to sever, i.e., for a trial separate from the other co-defendants. As with the claims of ineffective assistance of trial counsel discussed above, Gerardo asserts that he is factually innocent and any error committed by his appellate counsel could have been the tipping point that caused the jury to find him guilty. Therefore, according to Gerardo, his factual innocence establishes the necessary prejudice element needed to succeed on an ineffective assistance of counsel claim.

To prevail on a claim that appellate counsel's performance was deficient for failing to raise as an issue on appeal the denial of a motion, the petitioner must give some indication that appealing the denial of his or her motion would have been successful. *See Fairchild v. State*, 128 Idaho 311, 912 P.2d 679 (Ct. App. 1996) (dismissing a petitioner's ineffective assistance of counsel claim for failing to raise a genuine issue of material fact when the petitioner could not prove that appealing the denial of the petitioner's motion would have been successful). A defendant may move to have his or her trial separated from that of a co-defendant if the defendant is prejudiced by having his or her trial joined with the other. I.C.R. 14; *State v. Dambrell*, 120 Idaho 532, 537, 817 P.2d 646, 651 (1991); *State v. Guzman*, 126 Idaho 368, 374,

883 P.2d 726, 732 (Ct. App. 1994). The defendant bears the burden of showing prejudicial joinder. *Dambrell*, 120 Idaho at 537, 817 P.2d at 651; *Guzman*, 126 Idaho at 374, 883 P.2d at 732. A motion to sever is directed to the trial court's discretion and the trial court's decision to deny the motion will not be overturned on appeal absent a showing that the trial court abused its discretion. *Dambrell*, 120 Idaho at 537, 817 P.2d at 651; *Guzman*, 126 Idaho at 374, 883 P.2d at 732. *See also State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

In Gerardo's motion to sever, he alleged several reasons why joinder was prejudicial pursuant to I.C.R. 14. He contended that: (1) the evidence against him could be disproportionate to the evidence against his co-defendants; (2) the defendants could have inconsistent defenses in the matter; and (3) statements made by co-defendants could cause problems under *Bruton v. United States*, 391 U.S. 123 (1968).[2]

The district court denied Gerardo's motion to sever. The district court found that Gerardo failed to show that the jury could confuse or cumulate the evidence rather than keeping the evidence properly segregated. Moreover, the district court presented the jury with an instruction to ensure that the defendants were all treated separately. The district court also was not persuaded by Gerardo's contention that the co-defendants may use inconsistent defenses. The district court found that Gerardo provided no evidence suggesting the co-defendants would implicate one another. Lastly, the district court considered whether the co-defendants' contact with one another might produce a guilty verdict based on criminal disposition. The district court also did not believe that Gerardo would be viewed as having a criminal disposition because he was required to defend himself in the criminal proceeding with two co-defendants. We conclude that the district court did not abuse its discretion when denying Gerardo's motion to sever and appealing that denial would have been unsuccessful.

Even assuming that Gerardo's appellate counsel was deficient in failing to appeal the denial of his motion to sever, his claim of ineffective assistance of appellate counsel fails. For

---

[2]     In *Bruton*, the Supreme Court held that, in a joint trial of two defendants named Evans and Bruton, at which Evans did not testify, admission into evidence of Evans' pretrial confession which implicated Bruton constituted prejudicial error. *Bruton*, 391 U.S. at 126. The Court held that introduction of the confession added substantial weight to the prosecution's case in a form that was not subject to cross-examination, thereby violating Bruton's Sixth Amendment rights. *Id.* Jury instructions given to limit application of the confession were held to be insufficient to protect Bruton's rights. *Id.* at 137.

the reasons stated above, had Gerardo's counsel appealed the denial of the motion to sever, the appeal would have ultimately proved unsuccessful. Gerardo therefore cannot establish the necessary prejudice. Having thus failed to satisfy the two-prong test of *Strickland*, Gerardo is not entitled to relief on this claim.

Gerardo next argues that his appellate counsel failed to appeal the district court's denial of his motion for a mistrial. According to Gerardo's testimony, his trial counsel sought a mistrial because, a few days prior to trial, the prosecutor reminded a witness about what they had previously discussed in violation of I.R.E. 603 and 103(c). Gerardo's appellate counsel challenged the failure to strike the very same evidence during Gerardo's direct appeal. *See Gerardo*, 147 Idaho at 26, 205 P.3d at 675. The principles of res judicata apply when a petitioner attempts to raise the same issues previously ruled upon on direct appeal in a subsequent petition for post-conviction relief. *Knutsen v. State*, 144 Idaho 433, 439, 163 P.3d 222, 228 (Ct. App. 2007). Appealing the denial of the motion for a mistrial, under the circumstances, is no different than challenging the failure to strike the evidence. Because this Court held that the prosecutor's statements amounted to harmless error in his direct appeal, we hold that Gerardo's claim that his appellate counsel was ineffective for not appealing the denial of his motion for a mistrial is barred by the doctrine of res judicata.

### III.
### CONCLUSION

Gerardo's ineffective assistance of trial counsel claim for failing to request a limiting instruction fails because the introduction of the evidence without the limiting instruction was harmless error. Gerardo's remaining claims of ineffective assistance of trial counsel--failure to fully investigate the case and failure to introduce evidence--were properly denied by the district court because Gerardo failed to meet his evidentiary burden. Gerardo failed to prove prejudice as to his claim that his appellate counsel failed to raise the denial of his motion to sever as an issue on Gerardo's direct appeal. Lastly, Gerardo's ineffective assistance of appellate counsel claim for failing to appeal the denial of his motion for a mistrial is barred by the doctrine of res judicata. Accordingly, we affirm the district court's order denying Gerardo's petition for post-conviction relief.

Chief Judge GRATTON and Judge LANSING, **CONCUR.**