IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39381

| | | |
|---|---|---|
| NESTOR SANCHEZ, | ) | 2013 Unpublished Opinion No. 606 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: July 31, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Gem County.  Hon. Juneal C. Kerrick, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Nestor Sanchez, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Nestor Sanchez appeals from the district court's order summarily dismissing his petition for post-conviction relief.  We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Sanchez entered an *Alford* plea[1] to one count of lewd conduct with a minor under sixteen, Idaho Code § 18-1508.  Prior to sentencing, Sanchez filed a motion to withdraw his guilty plea which was denied by the district court.  Thereafter, Sanchez filed a renewed motion to withdraw his guilty plea and the district court denied it as well.  The district court imposed a unified sentence of twenty years with ten years determinate.  Sanchez filed an Idaho Criminal Rule 35 motion for reduction of sentence which was denied by the district court.  This Court affirmed

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

Sanchez's conviction and sentence in *State v. Sanchez*, Docket No. 32181 (Ct. App. 2007) (unpublished).

Subsequently, Sanchez filed a pro se petition for post-conviction relief. The district court appointed counsel to represent Sanchez. The State filed a motion to dismiss the petition. Thereafter, the district court entered an order summarily dismissing Sanchez's petition for post-conviction relief. Sanchez timely appeals.

## II.

## ANALYSIS

Sanchez claims that: (1) the district court erred by summarily dismissing his petition for post-conviction relief prior to holding an evidentiary hearing; (2) his post-conviction counsel provided ineffective assistance; and (3) the district court erred by allowing a conflict of interest with post-conviction counsel to continue.[2] A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by

---

[2] Sanchez stated in his brief to this Court that "[t]he petitioner/appellant re-asserts every issue in his district court petition." This statement is not sufficient to raise on appeal every issue argued in the petition. A party must provide argument and authority to raise an issue. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997) (citing *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996)).

admissible evidence supporting its allegations, or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of facts, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary

dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

## A.      Summary Dismissal

Sanchez asserts that the district court erred in refusing to hold an evidentiary hearing. In his petition, Sanchez alleged seventeen instances of ineffective assistance of trial counsel, with multiple subparts, four claims of ineffective counsel caused by the court, five failings of appellate counsel, and multiple constitutional rights violations. The district court addressed and dismissed each of these claims in a twenty-nine page decision. On appeal, Sanchez does not contest any of the findings or conclusions of the district court.[3] Instead, Sanchez claims only

---

[3]      In his reply brief, Sanchez references a *Miranda v. Arizona*, 384 U.S. 436 (1966) violation and attaches a purported partial transcript of a police interview. However, while we will not entertain a contention raised for the first time in a reply brief, we note that the district court determined that Sanchez was not in custody and so no *Miranda* violation occurred. Sanchez does not directly challenge or provide facts contrary to the district court's determination.

that his post-conviction counsel failed to submit certain evidence to the district court which, had counsel done so, would have demonstrated his innocence.

Specifically, Sanchez argues that had an evidentiary hearing been held, he would have produced transcripts and a tape recording demonstrating that the victim was untruthful and that medical records submitted in his case were false. We have held:

> [T]o justify an evidentiary hearing in a post-conviction relief proceeding, it is incumbent upon the applicant to tender a factual showing based upon evidence that would be admissible at the hearing. [An] application must be supported by written statements from witnesses who are able to give testimony themselves as to facts within their knowledge, or must be based upon otherwise verifiable information.

*Hall v. State*, 126 Idaho 449, 453, 885 P.2d 1165, 1169 (Ct. App. 1994) (quoting *Drapeau v. State*, 103 Idaho 612, 617, 651 P.2d 546, 551 (Ct. App. 1982)). Sanchez failed to provide the district court with the alleged evidence. It is not enough for Sanchez to avoid summary disposition based upon evidence he *could* have provided to the district court, but did not. Sanchez's failure to provide admissible evidence to support his claim made the summary dismissal of his petition appropriate.

## B. Ineffective Assistance of Post-Conviction Counsel

As noted above, rather than contesting the district court's findings and conclusions directly, Sanchez claims his post-conviction counsel provided ineffective assistance by failing to provide the district court with the following evidence: (1) the alleged tape recording demonstrating his innocence; (2) an interview with a St. Luke's nurse who treated the victim; (3) the confrontation call between him and the victim; (4) the victim's medical records; (5) a videotape of the victim talking with counsel; (6) the presentence investigation report; (7) telephone calls between himself and the arresting police officer; and (8) the recording of his interrogation. Sanchez claims that had his post-conviction counsel presented this evidence to the district court, his petition would have survived summary dismissal and proceeded to an evidentiary hearing. He further claims that the evidentiary hearing would have resulted in his exoneration.[4]

---

[4] In his reply brief, Sanchez asserts a claim of ineffective assistance of counsel for failing to submit a word-for-word transcript of his interrogation by police officers. It is unclear whether Sanchez is arguing that his trial counsel was ineffective, or his post-conviction counsel was

There is no constitutionally-protected right to the effective assistance of counsel in post-conviction relief proceedings. *Rios-Lopez v. State*, 144 Idaho 340, 343, 160 P.3d 1275, 1278 (Ct. App. 2007). Thus, such an allegation, in and of itself, is not among the permissible grounds for post-conviction relief. *See Griffin v. State*, 142 Idaho 438, 441, 128 P.3d 975, 978 (Ct. App. 2006); *Wolfe v. State*, 113 Idaho 337, 339, 743 P.2d 990, 992 (Ct. App. 1987). We will, therefore, not entertain claims of ineffective assistance of post-conviction counsel in the direct appeal of the post-conviction case.

## C.    Conflict of Interest

Prior to summarily dismissing Sanchez's petition, the district court held a hearing to discuss Sanchez's request for substitute counsel due to an alleged conflict of interest. Sanchez alleged that his attorney performed a home inspection of Sanchez's home with the Idaho Department of Health & Welfare prior to beginning his representation. The attorney denied performing a home inspection and confirmed with health and welfare that he was not present for any home inspections. The district court found that no conflict of interest existed. However, Sanchez also expressed his dissatisfaction with his attorney's alleged lack of communication. In order to allay any concerns about communication, the district court asked the attorney to reassign the case to another associate. The attorney did so and a different attorney represented Sanchez for the remainder of the case.

On appeal, Sanchez claims that a conflict of interest existed between himself and his appointed counsel. He argues that the district court erred by appointing a new attorney from the same law firm to represent him instead of appointing conflict-free counsel.[5] We disagree. There

---

ineffective, for allegedly failing to submit these transcripts. Nonetheless, as Sanchez raises this issue for the first time in his reply brief, we decline to address it. "[T]his court will not consider arguments raised for the first time in the appellant's reply brief." *Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005) (citing *Myers v. Workmen's Auto Ins. Co.*, 140 Idaho 495, 508, 95 P.3d 977, 990 (2004)).

[5]    The State argues that the doctrine of invited error precludes Sanchez from raising this issue. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *Thomson v. Olsen*, 147 Idaho 99, 106, 205 P.3d 1235, 1242 (2009). One may not complain of errors one has consented to or acquiesced in. *Id*. In short, invited errors are not reversible. *Id*. Indeed, Sanchez stated on the record that he wanted to keep his second attorney, although he requested better communication.

is no constitutionally-protected right to the effective assistance of counsel in post-conviction relief proceedings. *Rios-Lopez*, 144 Idaho at 343, 160 P.3d at 1278. Regardless of whether Sanchez has a right to conflict-free representation in his post-conviction case, Sanchez has failed to demonstrate that a conflict existed. The district court found that Sanchez's attorney did not perform a home inspection with health and welfare. Substantial evidence supports the district court's finding. The district court's request to appointed counsel asking that he assign the case to a different attorney was not a determination that a conflict existed, but instead was an attempt to make Sanchez more comfortable with his representation.

## III.
## CONCLUSION

Sanchez has failed to demonstrate reversible error. Accordingly, the district court's order summarily dismissing Sanchez's petition for post-conviction relief is affirmed.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**