# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 39517

CHRISTOPHER DELFEIDO GONZALES,   )

            Petitioner-Appellant,      )

v.                         )

STATE OF IDAHO,          )

            Respondent.          )

2013 Unpublished Opinion No. 622

Filed: August 9, 2013

Stephen W. Kenyon, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

Judgment denying petition for post-conviction relief, <u>affirmed</u>.

Christopher Delfeido Gonzales, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Christopher Delfeido Gonzales appeals from the district court's denial of his petition for post-conviction relief after an evidentiary hearing. Gonzales argues that the evidence shows that his defense counsel was deficient in failing to object to evidence entered at Gonzales's trial and in failing to call two potential alibi witnesses. We affirm.

## I.

## BACKGROUND

In the underlying criminal case, Gonzales was charged with numerous crimes that took place over the course of a week in February 2008. A jury found Gonzales guilty of attempted strangulation, aggravated battery with a deadly weapon enhancement, second degree kidnapping, two counts of misdemeanor domestic battery, two counts of aggravated assault with a deadly weapon enhancement, and misdemeanor battery. Some of these offenses occurred on February 13, and as to those, the victim was Lisa M.

1

Gonzales later filed a post-conviction petition stating a number of claims of ineffective assistance of counsel. An attorney who was appointed to represent Gonzales filed an amended petition. The district court summarily dismissed all of Gonzales's post-conviction claims except three that were predicated on defense counsel's failure to object to a handwritten note that was entered into evidence at trial, failure to call Gonzales's alibi witnesses, and failure to inform Gonzales of his right to remain silent under *Estrada v. State*, 143 Idaho 558, 563, 149 P.3d 833, 838 (2006). The district court held an evidentiary hearing on those remaining claims. At the hearing, the court heard testimony from Gonzales, his potential alibi witnesses, and Gonzales's defense attorneys. After the hearing, the district court issued a written opinion finding against Gonzales, and the action was dismissed.

On appeal, Gonzales does not pursue his *Estrada* claim but maintains that the district court erred in dismissing his ineffective assistance claims regarding the note and the alibi witnesses.

## II.

## ANALYSIS

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Id.* at 761, 760 P.2d at 1177. "This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation." *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d

2

1216, 1220 (1990). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). The trier of fact can reject testimony it finds not to be credible, *State v. Miller*, 131 Idaho 288, 295, 955 P.2d 603, 610 (Ct. App. 1997); *Young v. State*, 115 Idaho 52, 55, 764 P.2d 129, 132 (Ct. App. 1988), and a trial court's decision that a party's burden of proof has not been met is entitled to great weight. *Wilbanks v. State*, 126 Idaho 341, 345, 882 P.2d 996, 1000 (Ct. App. 1994). We exercise free review of the district court's application of the relevant law to the facts. *Nellsch v. State*, 122 Idaho 426, 434, 835 P.2d 661, 669 (Ct. App. 1992).

### A.     Failure to Object to Exhibit 102

Gonzales's first argument on appeal is that his defense counsel failed to object to a handwritten note, Exhibit 102, that was part of the State's evidence presented at trial. The note was found by victim Lisa a few days after the crime and appeared to have been written by Gonzales. It stated:

> Lisa,
> . . . I did something I never known to be capable of.
> I can't even imagine how scared you are. It haunts me for days now as
> they come and go. To be truthful I don't know what quite to say . . . .
> Chris

In his post-conviction action, Gonzales contended that he did not author the note and claimed that his attorneys, Dan Taylor and Stacy Gosnell, provided ineffective assistance by failing to object to its introduction at trial. Gonzales asserts that his defense counsel were unaware of the note before trial and had not discussed it with him and therefore had not properly prepared for trial. He also asserts that counsel should have obtained a handwriting expert to rebut the State's assertion that Gonzales wrote the note.

His attorneys, however, testified to quite the opposite. Taylor testified that he and co-counsel Gosnell had "lengthy conversations" about the note and discussed it with Gonzales. He said that they decided that the best way to handle it was not to object because to do so would draw more attention to the note and "give it more punch than it needed to have." The attorneys

3

also testified that they believed if they had objected to the note on foundational grounds, the State could have laid the requisite foundation for admission of the note. This testimony from counsel directly contradicted Gonzales's claims that the attorneys were unaware of the note before trial, had not discussed it with him, and failed to object due to lack of preparation for trial.

The district court accepted the testimony of Gonzales's defense attorneys as true and found that the decision not to object to the note that was introduced by the State at trial was a strategic decision because the attorneys wanted to avoid drawing more attention to it. Thus, the district court made a determination that the testimony of defense counsel was more credible than that of Gonzales. The court also concluded that if an objection had been made for lack of foundation showing that Gonzales authored the note, the State could have laid the requisite foundation anyway. The district court therefore held that Gonzales did not prove that his counsel was ineffective for failing to object to the note.

The evidence supports the district court's conclusion. Taylor and Gosnell rebutted Gonzales's claim that they were unaware of the note before trial, and they testified to legitimate, strategic reasons for not making an objection, including not wanting to draw additional attention to the note and the lack of any potentially successful basis for an objection. Because the assessment of the credibility of witnesses and the weight to be given their testimony is committed to the trial court who heard the evidence, it will not be set aside on appeal. Although Gonzales criticizes his counsel for not objecting to the note, he suggests no objection that could have successfully been made to prevent its introduction into evidence. The evidence supports the district court's determination that counsel's strategic decision was not made out of any misunderstanding of the law or the facts or inadequate preparation. Therefore, we find no error in the district court's denial of Gonzales's claim that his counsel was deficient with respect to their handling of Exhibit 102.

Gonzales also contends that counsel should have retained a handwriting expert who would have provided support for his claims that he was not the author of the document. At the evidentiary hearing, however, Gonzales did not offer any testimony from such an expert to substantiate his claim. To sustain his burden of proof, a post-conviction petitioner must support his allegations with competent, admissible evidence. *Curless v. State*, 146 Idaho 95, 99, 190 P.3d 914, 918 (Ct. App. 2008); *Hall v. State*, 126 Idaho 449, 453, 885 P.2d 1165, 1169 (Ct. App. 1994); *Roman v. State*, 125 Idaho 644, 649, 873 P.2d 898, 903 (Ct. App. 1994). It is not enough

to allege that a witness would have testified to certain events, or would have rebutted certain statements made at trial, without providing through affidavit nonhearsay evidence of the substance of the witnesses' testimony. *Hall*, 126 Idaho at 453, 884 P.3d at 1169. Therefore, Gonzales did not meet his burden of proof on this claim.

**B.     Failure to Present Gonzales's Alibi Witnesses**

Gonzales next argues that his defense attorneys were ineffective because they did not call his mother and sister to testify to provide an alibi defense. Gonzales asserts that these relatives would have testified that he was home for most of the day on February 13, thereby creating reasonable doubt that he committed the offenses alleged to have occurred that day.

Taylor testified, however, that Gonzales's potential alibi witnesses were problematic for at least two reasons. First, Taylor said that the relatives' testimony did not sufficiently account for all of the day in question, and was too vague regarding time frames to provide an effective alibi. Second, there was concern about suborning perjury. Taylor and Gosnell both testified that just prior to trial, as they were going through the case file, they found a note apparently written by Gonzales in which he admitted to committing the crimes against victim Lisa. Taylor said that as the attorneys were "going through a million things he [Gonzales] wanted us to look at," they "came across a letter that was in the same handwriting as everything else of his that I had seen." The letter admitted the offenses against Lisa. According to Taylor, this note was addressed to Lisa, contained apologies to Lisa, and "basically proved the State's case." At that point, Taylor said, that he "had every reason to believe that if I did call the alibi witnesses I would have been suborning perjury." Gosnell confirmed Taylor's testimony about finding this incriminating note and the ethical concerns that it created with respect to any plan to present an alibi defense. She said, "There was information in the file from the defendant that established that the alibi was not accurate." Gosnell said that she and Taylor discussed with Gonzales the decision not to call alibi witnesses and discussed with him why the ethical determination was made not to present the alibi defense.

The district court held that in light of these concerns, Gonzales did not establish that the attorneys' decision constituted deficient performance. The evidence supports the district court's finding in this regard. The attorneys' testimony showed that the decision not to call the alibi witnesses was a legitimate, strategic decision based in part upon their determination not to engage in unethical conduct by presenting perjured testimony and based also on weaknesses in

the testimony. Gonzales has not shown that this strategic decision was based on inadequate preparation, ignorance of the law, or other shortcomings. The district court properly concluded that Gonzales did not meet his burden to prove this claim of ineffective assistance of counsel.

In his appellate brief, Gonzales also argues that counsel was ineffective for failing to request proper jury instructions regarding the deadly weapons enhancement. However, this claim of ineffective assistance was not raised in the district court, and new claims may not be presented for the first time on appeal. *McKinney v. State*, 133 Idaho 695, 708, 992 P.2d 144, 157 (1999); *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Therefore, this claim will not be addressed.

## III.

## CONCLUSION

The district court's judgment denying Gonzales's petition for post-conviction relief is affirmed.

Judge GRATTON and Judge MELANSON **CONCUR.**