190 P.3d 914

**David E. CURLESS**

v.

**STATE of Idaho, Respondent.**

No. 33550.

Court of Appeals of Idaho.

May 15, 2008.

Review Denied Aug. 28, 2008.

John J. Rose Jr., Kellogg, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cudé, Deputy Attorney General, Boise, for respondent. Rebekah A. Cudé argued.

GUTIERREZ, Chief Judge.

David E. Curless appeals from the district court's order denying his petition for post-conviction relief following remand and an evidentiary hearing. We affirm.

## I.

### FACTS AND PROCEDURE

In our previous treatment of Curless's post-conviction petition, we relayed the facts and procedure of the case as follows:

In the underlying criminal action, two brothers, ten-year-old C.L. and eight-year-old S.L., alleged that Curless molested them one summer night after a barbecue [in 1997]. At the time, the victims were visitors in the Curless home; their mother had been evicted from her apartment in April 1997, and the Curlesses had permitted her, S.L., and six-year-old B.L. to temporarily move in. C.L. did not live at the Curless residence, but with his father in another city. However, he visited his mother at the Curlesses' home on at least one occasion, including the night of the alleged molestation. By October 1997, the Curlesses' patience with their long-term guests had evaporated, and the family was compelled to leave. [In March 1998], C.L.

and S.L. told a babysitter that Curless had molested them, and as a result, Curless was charged with two counts of lewd conduct with a minor under sixteen, Idaho Code § 18–1508. A jury found Curless guilty of both counts, and the district court sentenced him to concurrent unified life terms with ten-year minimum periods of confinement. Curless lost a direct appeal before this Court. *State v. Curless,* 137 Idaho 138, 44 P.3d 1193 (Ct.App.2002). He then filed a petition for post-conviction relief.

Among the claims alleged in Curless's post-conviction petition were assertions that his defense counsel had been deficient for failing to timely move for admission of evidence of the victims' sexual conduct and thereby causing the exclusion of the evidence pursuant to Idaho Rule of Evidence 412; failing to present medical evidence that Curless was impotent, which would have contradicted the victims' claims that Curless was physically aroused; and refusing to present evidence that Curless wished to have presented to the jury. The State moved for summary dismissal, which the court partially granted, leaving only the issues of untimely notice of intent to introduce evidence of the victims' prior sexual acts and failure to present evidence that Curless wanted presented to the jury. After an evidentiary hearing on these remaining issues, the court dismissed the entire petition and later denied a motion for reconsideration.

On appeal, Curless ... argue[d] that the post-conviction court erred in ... summar[ily] dismiss[ing] ... his claims that counsel failed to present evidence regarding Curless's impotence and was inadequately prepared for a psychologist's testimony, and in the dismissal after evidentiary hearing of the claim based on the attorney's failure to timely move for admission of evidence of the boys' sexual acts.

*Curless v. State,* Docket No. 31221 (Ct.App. Dec. 9, 2005) (unpublished).

Upon Curless's first post-conviction appeal, this Court vacated the district court's orders of dismissal and remanded the case for a determination of whether counsel was deficient and if so, whether Curless suffered any prejudice as a result of counsel's deficiency. Specifically, this Court remanded for a determination of whether the failure to introduce evidence of Curless's claimed impotency was ineffective assistance of counsel and whether the failure to file a timely Rule 412 notice was a prejudicial deficiency.

On remand, the district court held an evidentiary hearing on Curless's claim that trial counsel was ineffective for failing to present medical evidence that Curless was impotent. The court ultimately denied relief, ruling that Curless failed to carry his burden of proving either deficient performance or prejudice. The court also denied relief with respect to Curless's claim that his attorney was ineffective for not filing a timely notice to admit Rule 412 evidence. The court determined that Curless did not establish that he was prejudiced by trial counsel's failure to timely move for the admission of Rule 412 evidence. Curless now appeals.

## II.

## ANALYSIS

In order to prevail in a post-conviction proceeding, the applicant must prove the allegations by a preponderance of the evidence. I.C. § 19–4907; *Stuart v. State,* 118 Idaho 865, 801 P.2d 1216 (1990). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Russell v. State,* 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App.1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Larkin v. State,* 115 Idaho 72, 764 P.2d 439 (Ct.App.1988). We exercise free review of the district court's application of the relevant law to the facts. *Nellsch v. State,* 122 Idaho 426, 434, 835 P.2d 661, 669 (Ct.App.1992).

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray v.*

*State,* 121 Idaho 918, 924–25, 828 P.2d 1323, 1329–30 (Ct.App.1992). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient, and that the defendant was prejudiced by the deficiency. *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984); *Hassett v. State,* 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct.App.1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State,* 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Id.* at 761, 760 P.2d at 1177. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *State v. Walters,* 120 Idaho 46, 56, 813 P.2d 857, 867 (1990). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law or other shortcomings capable of objective evaluation. *Howard v. State,* 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct.App.1994). The benchmark for judging any claim of ineffectiveness of counsel must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland,* 466 U.S. at 685–86, 104 S.Ct. at 2063–64.

## A. Evidence of Impotency

In his post-conviction petition, Curless alleged that his trial counsel was ineffective for failing "to present medical evidence showing the Petitioner could not obtain an erection" where both victims had testified at trial that during the molestation Curless's penis had been erect. In our initial review of the district court's summary dismissal of this claim, we noted that while his trial attorney may have had an entirely justifiable strategic reason for not presenting evidence of Curless's alleged impotence, such a reason was not disclosed in the record we were given. We recognized that:

> [a]lthough Curless's petition alleges that his attorney was deficient for failing to present medical evidence of Curless's inability to obtain an erection, to this point in the post-conviction action Curless's evidentiary presentation includes no such evidence. That is, he had not demonstrated that a doctor or other expert could have testified that Curless was consistently impotent.

*Curless,* Docket No. 31221. Thus, the issue was remanded for the express purpose of determining what evidence Curless could present regarding his alleged impotency such that his attorney's failure to present that evidence amounted to prejudicial deficiency in representation.

At the hearing on remand, the only testimony offered was that of Curless and his wife who both testified that he was impotent during the period of time he was alleged to have molested the boys. Additionally, the three exhibits Curless was allowed to introduce were admitted for the purpose of showing what information the Curlesses had made available to his attorney when attempting to persuade him to introduce evidence of Curless's impotency at trial. The first was one page of handwritten notes on Curless's condition—allegedly from Curless's urologist (the doctor's name is not listed on the form)—making reference to impotence, but also what appears to be Curless's ability to have nocturnal erections. However, the form makes liberal use of shorthand and medical terminology, making it difficult for this Court—or anyone without medical training-to interpret its meaning.

Mrs. Curless also testified that she conducted research on her own and presented trial counsel with her findings prior to trial. The first of these documents, admitted into evidence at the evidentiary hearing, was a print-out of information on the drug Atenolol which the Curlesses testified that Curless had been taking at the time the lewd conduct occurred. Sexual dysfunction and impotence are listed as possible side effects of taking the drug. Lastly, Curless introduced into evidence a handout entitled "What Causes

Impotence?" which listed, among other things, drugs and blood flow abnormalities as possible causes—both of which the Curlesses testified that Curless was experiencing at the time of the behavior forming the basis of the charges.

In deciding that Curless had failed to carry his burden of establishing deficient performance or resulting prejudice, the district court stated:

> While the State might not have had evidence to get by a motion for summary judgment, it's the Petitioner's burden to prove ineffective assistance of counsel. As such, it's the Petitioner's burden to dispute [trial counsel's] legitimate trial tactics. Petitioner has not proven exactly what [trial counsel] learned from the physicians.

> Further, this court finds that even if there was substantial evidence to prove that [trial counsel's] trial tactics weren't legitimate, this court finds that there is no prejudice in this case. There has been no evidence introduced that Petitioner was consistently impotent. Petitioner's Exhibit 1 reflects that Petitioner was able to have an occasional nocturnal erection. Even had [trial counsel] got this material before a jury under Rule 412, this court specifically finds there is no prejudice.

█ We agree with the district court's conclusions. Even at the evidentiary hearing upon remand, Curless still did not offer admissible medical evidence that he actually suffered from consistent erectile dysfunction. As the state points out, the only testimony offered on the issue was that of Curless and his wife who merely made conclusory statements that Curless suffered from the condition during the time the he was alleged to have engaged in lewd behavior. Nor did the documentary evidence introduced at the hearing fare better in proving Curless's assertion. The two print-outs offered by Mrs.

Curless are of no value in this context as Curless did not provide testimony by anyone qualified to testify that the information contained in those documents was accurate and actually applicable to him. In addition, the one-page, handwritten note, purportedly from Curless's urologist, seems only to establish that Curless self-reported to the doctor that he had suffered from erectile impotence for approximately four years and that the doctor noted as much in his records—not that he had actually been diagnosed with impotence or that it was chronic. In fact, the Curlesses' implication that the condition was consistent appears to be undermined by the notes where the doctor recorded that Curless admitted that he was able to achieve an occasional "nocturnal erection." In sum, Curless failed to establish that there existed admissible medical evidence of his alleged consistent impotence. Therefore, he has shown neither deficiency in his counsel's performance nor prejudice.

### B. Rule 412 Evidence

█ Curless also claimed in his post-conviction petition that his counsel had been ineffective because the trial court had excluded evidence due to counsel's failure to disclose it under Rule 412. The evidence at issue included testimony by Curless and his sister that on the date of the charged offenses, the two victims had been engaged in oral sex and other sexual acts with each other in the bathtub and that Curless and his sister had witnessed the behavior and told the boys' mother about the incident.[1] After an evidentiary hearing, the trial court denied Curless's claim of ineffective assistance of counsel, determining the evidence would have been inadmissible at trial and thus, Curless failed to show either deficient performance or resulting prejudice from his counsel's failure to timely disclose the evidence. On appeal, this Court reversed that

---

1. Curless also argues that he was prejudiced by trial counsel's failure to disclose proposed testimony by him and his wife that they had discovered the boys in the presence of a partially clothed man on the same evening the sexual misconduct was alleged to have occurred. However, the trial court only explicitly excluded the Rule 412 evidence of the boys' behavior in the bathtub for lack of notice without addressing the "partially

clothed man" evidence. Thus, because this evidence was not excluded for lack of notice, there is no merit to Curless's claim that counsel was ineffective on this ground for failure to give notice. *See State v. Fisher*, 123 Idaho 481, 485, 849 P.2d 942, 946 (1993) (holding that an appellate court will not address an issue where there was no adverse ruling).

decision, *Curless*, Docket No. 31221, holding that the evidence would have been admissible to show that the boys "could have been angered by Curless's embarrassing them and reporting their sexual behavior to their mother, and that they were thereby moved to invent the charges as retaliation against Curless." We remanded the case to the district court for consideration of whether counsel's failure to take steps necessary to present the evidence was prejudicial.

In determining there was no prejudice, the district court stated:

> ... [T]his court is not persuaded that a substantial doubt about the reliability of the finding of guilt would have been raised had the evidence [come] in. In coming to this conclusion, this court finds ... the evidence in this case to be overwhelming. The strength of the testimony of [both victims] is very high. Even though the above evidence may have gone to motive and or opportunity to fabricate, the implications from said evidence would have just as likely corroborated the children's testimony; that these children were putting to use what Petitioner had taught them.

On appeal, Curless argues that he was prejudiced by his counsel's failure to timely disclose the evidence, contending that he was denied the right to present his theory of the case and to confront witnesses against him and that had the jury heard the evidence, it's verdict would have been different.

As previously stated, a petitioner claiming that his counsel's deficient performance was prejudicial must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. A court determining whether the petitioner has met his burden must consider the totality of the evidence presented at trial. *Id.* at 694–95, 104 S.Ct. at 2068–69. A verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support. *Id.* at 696, 104 S.Ct. at 2069. Again, we will

not second-guess tactical or strategic decisions of trial counsel unless those decisions are based on inadequate preparation, ignorance of relevant law or other shortcomings capable of objective evaluation. *Howard*, 126 Idaho at 233, 880 P.2d at 263.

After a review of the record, we conclude the district court did not err in declining to find prejudice. First, as the district court pointed out, the testimony would have been just as likely to corroborate the boys' claims of abuse as to exonerate Curless. It would be reasonable that in assessing such testimony, a jury would take the fact that the boys were engaged in acts of which they later accused Curless of performing on them as corroboration of their account of abuse in the sense that they were acting out on each other what had been acted out on them by Curless.

In addition, as the state points out, there is no reasonable possibility that this evidence would have convinced the jury of Curless's theory that the boys fabricated the story of abuse out of anger and revenge. While Curless's wife testified that she had been told that Curless and his sister relayed to the boys' mother what they had seen, there was no evidence that the victims were made aware of what their mother had allegedly been told or that they were angered or embarrassed by the incident. To the contrary, the evidence suggests that they were not upset at the time. According to Curless's sister, after Curless discovered the boys performing oral sex on each other, the boys did not cease contact immediately, but started touching each other's penises with their toes. Then, when Curless's sister ordered the boys out of the bathtub and told them to get dressed and go to the T.V. room, once in the T.V. room C.L. approached Curless, calling him "Grandpa," and confided to him that his father masturbates to the point of ejaculation in front of him. This sequence of events where they continued such activity even when confronted and where at least one of the boys immediately engaged Curless in conversation upon exiting the bathtub does not suggest that the boys were angry at Curless and/or embarrassed to the point of fabricating a story of abuse. Also, that the boys did not disclose the sexual abuse by

Curless until nearly one year after they were allegedly caught in the bathtub further refutes the theory that in accusing Curless they were acting out of anger and/or·embarrassment from the bathtub incident. Such.a delay, especially in children of that age who had hardly seen Curless in the interim, is not consistent with an allegation that their accusations stemmed from strong emotions of anger and/or embarrassment from a year-old event.

Finally, we also are convinced, given the significant evidence at trial that Curless did sexually abuse the victims, that there is no reasonable probability the outcome would have been different even had the Rule 412 evidence been introduced. Both victims testified at trial, in detail, as to the sexual acts Curless engaged with them on multiple occasions. Curless responded by testifying in his defense, first admitting that he had initially lied to a detective investigating the case about his identity. He then denied that he had touched the children or had them touch him as both S.L. and C.L. had described and stated that "[t]here's no doubt in my mind that the children has [sic] been molested, but it hasn't been by me." Curless's sister also testified regarding the night the abuse was alleged to have occurred, stating that Curless had never been alone with the boys that night and thus, could not have molested them. The jury was within its province, however, to reject this defense testimony, especially in light of the detailed testimony from the victims.

### III.

### CONCLUSION

The district court did not err in dismissing Curless's claim that counsel was ineffective for failing to introduce evidence of Curless's claimed impotency, because Curless never provided evidence that a trained medical professional would have testified that he suffered from the condition. Further, we conclude the district court did not err in determining that counsel's failure to give notice in order to introduce Rule 412 evidence was not prejudicial.

Accordingly, the district court's order denying Curless's petition for post conviction relief is affirmed.

Judge LANSING and Judge PERRY concur.

