IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 37706

| | | |
|---|---|---|
| **PAUL JAMES CAVANAUGH,** | ) | **2013 Unpublished Opinion No. 443** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed:  April 11, 2013** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County.  Hon. Steven C. Verby, District Judge.

Judgment summarily dismissing petition for post-conviction relief in part, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

Paul James Cavanaugh appeals from the district court's judgment summarily dismissing his petition for post-conviction relief in part.  For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

On March 10, 2005, a pedestrian was struck by a pickup truck at approximately 6:30 in the evening while she was walking along a dirt road.  The pedestrian later died from her injuries.  Cavanaugh, who was the registered owner of the truck, emerged several minutes later from the dark wooded area the truck had swerved into after striking the victim.  He was charged with vehicular manslaughter, Idaho Code § 18-4006, and leaving the scene of an accident, I.C. § 18-8007.  A jury found Cavanaugh guilty as charged.

Cavanaugh did not directly appeal his conviction, but filed a motion for a new trial, which the district court denied.  This Court affirmed.  *State v. Cavanaugh*, Docket No. 33657

1

(Ct. App. Feb. 10, 2009) (unpublished). Thereafter, Cavanaugh filed a pro se petition for post-conviction relief, asserting a variety of ineffective assistance of counsel claims, including that his trial counsel was ineffective for failing to use a peremptory challenge to exclude an allegedly biased juror during voir dire and for failing to file a direct appeal. After a hearing on the latter issue, the district court granted relief, entering an order allowing Cavanaugh a renewed period of time to file a direct appeal.[1] The district court summarily dismissed the remaining claims. Cavanaugh now appeals the summary dismissal of his claim that counsel was ineffective at voir dire.

## II.

## ANALYSIS

Cavanaugh asserts the district court erred in concluding there was no genuine issue of material fact with respect to his allegation that he received ineffective assistance of counsel at voir dire. A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

---

[1] Cavanaugh filed a direct appeal and this Court affirmed his judgment of conviction. *State v. Cavanaugh*, Docket No. 37705 (Ct. App. Oct. 26, 2011) (unpublished).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of facts, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714.

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues.

*Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show the attorney's performance was deficient and the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

Cavanaugh's claim pertains to his trial counsel's failure to use a peremptory challenge to exclude a potential juror, R.H. During voir dire, shortly before R.H. was called to join the first group of jurors, the district court asked the first group whether anyone had "any bias or prejudice either for or against Mr. Cavanaugh at this time." The district court also asked whether they would be willing to follow the court's instructions on the law even if they believed the law should be different. Just before R.H. was selected to join the first group, the district court asked the group: "Are there any of you if selected as a juror in this case who is unwilling or unable to render a fair and impartial verdict based upon the evidence presented in this courtroom and the

4

law as instructed to you by the court?" Once R.H. joined the first group, he was asked whether he would have answered "yes" to any of the previously asked questions, to which he answered in the affirmative. The following colloquy ensued:

[The Court]: And do you know something about this case or have you read something about this case?

[R.H.]: I did. Where I work is just a short distance on this particular road from the event. Yes. My daughter worked with [the victim]. I know one of the individuals they intend on calling as a witness. Do I think that I could judge fairly? Yes. But I don't know. . . . [W]hat I've heard here by the prosecuting attorney and the defense attorney already today has changed my vision of what I believed happened so . . .

[The Court]: Knowing--or having heard about this case, do you feel that you could set aside what you've heard about this case and decide the case based solely upon the evidence that's presented during the course of this trial?

[R.H.]: I believe that I could.

[The Court]: And with regard to the individuals that you know of who may be a witness in this case or witnesses, do you feel that you would give that person or persons greater weight than you would someone else? Or lesser weight? Either one.

[R.H.]: I--it would--I would say greater weight. Yes. Probably.

[The Court]: Would this knowledge prevent you from acting with impartiality in this case?

[R.H.]: I don't believe so. Like I said . . . the knowledge that I had until today has already been changed by what I have seen here.

[The Court]: Any other questions that you would have responded yes to?

[R.H.]: No.
. . . .
[R.H.]: Well, only that one question that I do . . . know personally one of the individuals that you intend on calling and my daughter worked with [the victim] . . . . I did not know [the victim]. I work with people who did know her. All right. And this happened close to where I work.

In its order summarily dismissing all but one of Cavanaugh's post-conviction claims, including the claim at issue in this appeal, the district court addressed them generally:

To survive the State's motion, Mr. Cavanaugh must establish that there are material issues of fact which preclude the granting of the motion for summary dismissal. There has been no showing that his lawyers' actions fell below an objective standard of reasonableness. There has been an inadequate showing that the conduct of his lawyers so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. The petition and other documents submitted by Mr. Cavanaugh, together

5

with his argument at the hearing, failed to show that his trial counsel were ineffective before trial, during trial, and/or at sentencing, and that there is a reasonable probability that but for the conduct of his counsel, the outcome of the trial would have been different.

On appeal, Cavanaugh contends that, by presenting "unrebutted evidence that his attorney failed to strike a juror who admitted that he would be biased in favor of one of the witnesses" and this juror served on the jury that convicted Cavanaugh, he presented a prima facie case that his counsel was ineffective. Thus, he argues, he was entitled to an evidentiary hearing and summary dismissal of this issue was erroneous. We need not reach the question of whether Cavanaugh established a genuine issue of material fact as to whether counsel's failure to utilize a peremptory strike to exclude R.H. was deficient performance because we conclude that, even assuming deficient performance, Cavanaugh has not succeeded in presenting an issue of material fact as to the second *Strickland* prong--prejudice. As previously stated, a petitioner claiming that his counsel's deficient performance was prejudicial must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Curless v. State*, 146 Idaho 95, 100, 190 P.3d 914, 919 (Ct. App. 2008). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694; *Curless*, 146 Idaho at 100, 190 P.3d at 919. A court determining whether the petitioner has met his burden must consider the totality of the evidence presented at trial. *Strickland*, 466 U.S. at 694-95; *Curless*, 146 Idaho at 100, 190 P.3d at 919. A verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support. *Strickland*, 466 U.S. at 696; *Curless*, 146 Idaho at 100, 190 P.3d at 919. Circumstantial evidence and direct evidence inherently possess the same probative value. *State v. Glass*, 146 Idaho 77, 85 190 P.3d 896, 904 (Ct. App. 2008). Here we conclude that, given the overwhelming evidence at trial of Cavanaugh's guilt, there is no reasonable probability the outcome would have been different even had R.H. been excluded from the jury.

Cavanaugh's defense at trial was that he was merely a passenger in his truck that struck the victim. Although there was no testimony that anyone had actually seen him driving at the time, the State presented extensive circumstantial evidence that Cavanaugh, the registered owner of the vehicle, was culpable. As we stated above, such evidence carries the same weight as direct evidence. *Id.* The victim's boyfriend, who witnessed the incident, identified Cavanaugh

6

as the only person he saw emerging from the truck after it struck the victim and swerved off the road. The witness also observed that when Cavanaugh approached the scene, Cavanaugh was acting intoxicated and smelled of alcohol. In addition, the witness testified that when he told Cavanaugh that Cavanaugh had killed his girlfriend, Cavanaugh responded: "I know. I will die with her." The witness's foster mother, who came upon the scene shortly after the incident, also identified Cavanaugh as having been on the scene and saying, "I'm sorry" and "I didn't mean to." She testified Cavanaugh smelled heavily of alcohol and was acting intoxicated. Two other witnesses who arrived on the scene shortly after the incident also identified Cavanaugh as having been there, smelling of alcohol, and acting intoxicated. Additionally, an officer testified that when questioned by a police officer several hours after the incident, Cavanaugh told the officer "he may have hit somebody" and no one else had been in the vehicle with him at the time. The officer observed that Cavanaugh appeared to be intoxicated. In a call to dispatch on the night of the incident, the tape of which was played for the jury, Cavanaugh stated he thought he may have hit someone.[2]

Cavanaugh's evidence to rebut the State's case included his testimony that, although he remembered very little from the time before and after the incident due to his consumption of a large amount of alcohol earlier in the day, he had a vivid memory of being in the passenger seat of the truck at some point. It is questionable whether Cavanaugh's testimony would have very much persuasive value, if any, given his claim that he could remember very little about the hours surrounding the incident, that he could not identify who would have been driving his vehicle at the time, and his testimony that he had been at the scene and he had been drinking heavily that day. He also argued that his assertion that he was not driving was supported by evidence that only the passenger side door of the truck was open when it was approached by officers after the incident, he only had wounds on the right side of his head, and the only blood inside the truck cabin was on the passenger side. The State rebutted this evidence, arguing it did not explain how the alleged other driver exited and that Cavanaugh just as easily could have exited from the passenger side given that he was likely thrown in that direction when the truck violently veered to the left after hitting the victim.

---

[2]     The recording of the dispatch call, although referred to in the trial transcript, is not contained in the record on appeal.

In sum, it was Cavanaugh's truck that struck the victim and a witness watched as Cavanaugh was the only person to exit the truck immediately afterwards. Cavanaugh essentially admitted to having struck the victim to several people at the scene, never mentioning that someone else was driving, and went so far as to state he "may" have been the driver to both dispatch and an officer several hours later. He also told the officer unequivocally that he had been the only one in the vehicle at the time. He presented no plausible evidence at trial as to who could have been driving his truck, if not him, but merely asserted he had an isolated memory of being in the passenger seat. In the face of this evidence, including that of several witnesses who substantiated each other's testimony, there is no reasonable probability that a juror who may have been more likely to credit *one* certain witness's testimony[3] would have changed the outcome. In addition, R.H. specifically stated when questioned that he would be able to assess the case impartially. Given these factors, we conclude, even assuming counsel performed deficiently by failing to strike R.H. from the jury pool,[4] Cavanaugh has not shown there is a reasonable probability that, but for the deficient performance, the outcome of the trial would have been different. *See Curless*, 146 Idaho at 101, 190 P.3d at 920 (affirming dismissal of Curless's post-conviction claim of ineffective assistance of counsel for failure to obtain admission of certain evidence because, among other reasons, Curless had not shown prejudice as a result of the alleged deficient performance where there was significant evidence of his guilt presented at trial and there was no reasonable probability that the excluded evidence would not have changed the outcome). Accordingly, we conclude no material issues of fact existed that

---

[3] The record on appeal does not identify the witness to which R.H. was referring; therefore, we do not know whether the witness actually testified.

[4] We note that whether counsel actually performed deficiently would be difficult for Cavanaugh to establish. It is well-settled that a challenge for cause of a prospective juror falls within the wide range of trial strategy, and therefore, such decisions will not be second-guessed on appeal unless based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Medrano v. State*, 127 Idaho 639, 647, 903 P.2d 1336, 1344 (Ct. App. 1995). As we recognized in *State v. Adams*, 147 Idaho 857, 861, 216 P.3d 146, 150 (Ct. App. 2009), in assessing whether to challenge a particular juror, attorneys must not only weigh the perceived negative features against the favorable features of that particular juror, they must also consider whether eliminating the juror could result in an even less acceptable individual moving into that position on the jury panel. Here, where R.H. offered assurances he could act impartially, it would be a tall order for Cavanaugh to demonstrate actual deficient performance.

would warrant an evidentiary hearing. *See Kuehl v. State*, 145 Idaho 607, 611, 181 P.3d 533, 537 (Ct. App. 2008). The district court's judgment summarily dismissing Cavanaugh's post-conviction petition in part is affirmed.

Judge LANSING and Judge GRATTON **CONCUR.**